J-S59010-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHEENA KING, | |
| Appellant | No. 3491 EDA 2016 |

Appeal from the PCRA Order Entered October 25, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0400411-1992

BEFORE:  BENDER, P.J.E., OTT, J., and FITZGERALD, J.*

MEMORANDUM BY BENDER, P.J.E.:                **FILED NOVEMBER 07, 2017**

Appellant, Sheena King, appeals *pro se* from the post-conviction court's October 25, 2016 order denying, as untimely, her third petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

This Court previously summarized the facts and procedural history of Appellant's case, as follows:

> In May 1991, Appellant, at the request of her then boyfriend, killed Shawn Wilder by firing five gunshots into Wilder's face and neck. Appellant then fled the Philadelphia area briefly, but returned and was arrested in connection with the murder. Appellant confessed to killing Wilder, but claimed that she did so only because her boyfriend threatened to kill her and her family if she did not follow his instructions. Following a bench trial, Appellant was convicted of first-degree murder, burglary, criminal conspiracy, and possessing an instrument of crime. The court subsequently sentenced Appellant to a term of life

---

* Former Justice specially assigned to the Superior Court.

imprisonment[, without the possibility of parole ("LWOP"),] on the murder conviction, with concurrent terms of five to ten years' incarceration on the burglary and conspiracy convictions, and one to two years' imprisonment on the possession of an instrument of crime conviction. Appellant filed a direct appeal of her judgment of sentence, claiming that the verdict was against the weight of the evidence and that the evidence was insufficient to support her conviction for first-degree murder. This Court concluded that Appellant had waived all her claims on appeal and affirmed the judgment of sentence. ***Commonwealth v. King***, 663 A.2d 250 (Pa. Super. 1995) (unpublished memorandum). [Appellant did not file an allowance of appeal with our Supreme Court.]

***Commonwealth v. King***, No. 4876 Philadelphia 1997, unpublished memorandum at 1-2 (Pa. Super. filed Aug. 27, 1999) (disposing of Appellant's appeal from the denial of her first PCRA petition, discussed *infra*).

On January 16, 1997, Appellant filed a *pro se* PCRA petition and counsel was appointed. On October 20, 1997, the PCRA court denied that petition and, on appeal, this Court affirmed. ***See King***, ***supra***, No. 4876 Philadelphia 1997. On May 26, 2004, Appellant filed a second, *pro se* PCRA petition. That petition was also dismissed and, after this Court affirmed on appeal, our Supreme Court denied Appellant's petition for allowance of appeal. ***Commonwealth v. King***, 894 A.2d 819 (Pa. Super. 2005) (unpublished memorandum), *appeal denied*, 903 A.2d 537 (Pa. 2006).

On August 8, 2012, Appellant filed her third, *pro se* PCRA petition, which underlies the present appeal. She also filed an amended petition on March 10, 2016. On April 20, 2016, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition, to which she

submitted a timely, *pro se* response.  However, on October 25, 2016, the PCRA court issued an order dismissing Appellant's petition as being untimely filed.

Appellant then filed a timely, *pro se* notice of appeal, as well as a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.  On January 26, 2017, the PCRA court issued a Rule 1925(a) opinion.  Herein, Appellant presents the following three questions for our review, which we reproduce verbatim:

A. Did Petitioner timely file a PCRA and thus it should not have been dismissed as Untimely wiithout an evidentiary hearing on the merits?

B. Did Court of Common Pleas err in determining that Graham v Florida, Montgomery v Louisiana, and People v House did not apply to Petitioner?

C. Does Graham v Florida and People v House apply to Petitioner whose culpability is questionable when age, history of abuse, extreme duress, and diminished capacity are considered according to recent neuroscience in abovementioned cases and additional cases under review?

Appellant's Brief at 2.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error.  ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007).  We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition.  ***Commonwealth v. Bennett***, 930 A.2d

- 3 -

1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> > (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
> >
> > > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> > >
> > > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> > >
> > > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final on September 26, 1999, at the expiration of the thirty-day time-period for filing a petition for allowance of appeal with our Supreme Court. *See* 42 Pa.C.S. § 9545(b)(3) (directing that a judgment of sentence becomes final at the

conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 1113(a) (stating, "a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days of the entry of the order of the Superior Court sought to be reviewed"). Thus, Appellant's current petition filed in August of 2012 is patently untimely and, for this Court to have jurisdiction to review the merits thereof, she must prove that she meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

Instantly, Appellant does not specifically identify which timeliness exception she is attempting to meet. However, she seems to be arguing that she satisfies the 'new retroactive right' exception of section 9545(b)(1)(iii). Specifically, Appellant contends that her LWOP sentence is unconstitutional under the rationale of various decisions by the United States Supreme Court, including **Graham v. Florida**, 560 U.S. 48 (2010) (holding that the imposition of a sentence of life imprisonment without the possibility of parole on juvenile non-homicide offenders violates the Eighth Amendment's prohibition on cruel and unusual punishment), **Roper v. Simmons**, 543 U.S. 551 (2005) (holding that subjecting juveniles under the age of 18 to the death penalty violates the Eighth Amendment), and **Miller v. Alabama**, 567 U.S. 460, 479 (2012) (holding "that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without the possibility of parole for juvenile offenders").

Notably, Appellant concedes that she was 18 at the time she committed the murder for which she is serving her LWOP sentence. Appellant's Brief at 8. Nevertheless, she contends that the rationale underlying the *Roper*, *Graham*, and *Miller* decisions should be extended to her case because at the time of the murder, she had the same cognitive functioning as someone under the age of 18, and her "history of abuse, incest, sexual abuse, and subsequent diagnosis of a mental disorder further impeded [her] brain's development[,]" such that her LWOP sentence constitutes cruel and unusual punishment. *Id.* at 19.

This Court previously rejected a similar argument in *Commonwealth v. Chambers*, 35 A.3d 34 (Pa. Super. 2011), stressing that "[f]or purposes of deciding whether the timeliness exception to the PCRA based on the creation of a new constitutional right is applicable, the distinction between the *holding* of a case and its *rationale* is crucial since only a precise creation of a constitutional right can afford a petitioner relief." *Id.* at 42 (emphasis added). Examining, then, the holdings of *Roper* and *Graham*, it is clear that neither case warrants sentencing relief for Appellant. Again, *Graham* held that LWOP sentences for *non-homicide* juvenile offenders violates the Eighth Amendment, and *Roper* held that imposing the *death penalty* on juvenile defendants constitutes cruel and unusual punishment. In this case, Appellant not only was an adult at the time of her crimes, but she was also convicted of murder, and received an LWOP sentence for that

offense; consequently, the holdings of **Graham** and **Roper** do not apply to her case.[1]

For the same reason, Appellant also cannot rely on **Miller** to meet the timeliness exception of section 9545(b)(1)(iii).  **Miller** held that the Eighth Amendment precludes the mandatory imposition of an LWOP sentencing on a juvenile offender.  **Miller**, 567 U.S. at 479.  "The **Miller** decision applies only to those defendants who were 'under the age of 18 at the time of their crimes.'"  **Commonwealth v. Furgess**, 149 A.3d 90, 94 (Pa. Super. 2016) (quoting **Miller**, 567 U.S. at 465).  Because Appellant was 18 years old when she murdered the victim in this case, she cannot rely on **Miller**, or the rationale expressed therein, to satisfy the timeliness exception of section 9545(b)(1)(iii).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/7/2017

---

[1] Moreover, we point out that even if **Graham** or **Roper** did apply to invalidate Appellant's LWOP sentence, she cannot satisfy the 60-day requirement of section 9545(b)(2), as she filed her current petition several **years** after those decisions were filed.